Olayiwola O. Oduyingbo (BBO #691768)
Odu@odulawfirm.com
Ana Barros (BBO #714916)
abarros@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone:     (401) 209-2029
Facsimile:      (401) 217-2299

*Attorneys for Plaintiff*
*Lidia Maximo de Oliveira*

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIDIA MAXIMO DE OLIVEIRA, individually and on behalf of all others similarly situated, <br><br>Plaintiff,<br><br>v.<br><br>SAIGON SANDWICH HOUSE LLC, *alias*, TUAN NGUYEN, *an individual*, and THAO NGUYEN, *an individual*,<br><br>Defendants. | Case No. _____<br><br>**COLLECTIVE ACTION COMPLAINT FOR:**<br><br>1. **Violation of the Massachusetts Wage Act, Mass. Gen. Laws c.149 § 148** *et seq.*;<br>2. **Violation of the Massachusetts Minimum Fair Wages Act, Mass. Gen. Laws c. 151, § 1** *et seq.*; and<br>3. **Violation of the Fair Labor Standards Act, 29 U.S.C. § 201** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

**TABLE OF CONTENTS**

Page

SUMMARY OF THE ACTION ................................................................................................1

PARTIES ........................................................................................................................................1

JURISDICTION ...........................................................................................................................2

VENUE ..........................................................................................................................................3

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS ...............................3

    Defendants Failed to Properly Compensate Plaintiff for Minimum
        and Overtime Wages .......................................................................................3

    Defendants Constitute Joint Employers .......................................................................4

    Defendants' General Employment Practices ............................................................5

    Plaintiff Exhausted Her Administrative Remedies as to Her Wage
        Claims and Brings This Action .......................................................................7

CLAIMS FOR RELIEF ...............................................................................................................8

PRAYER FOR RELIEF .............................................................................................................10

DEMAND FOR JURY TRIAL .................................................................................................11

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## COMPLAINT

## SUMMARY OF THE ACTION

1. Plaintiff Lidia Maximo de Oliveira ("Plaintiff") brings this action against Saigon Sandwich House LLC, Tuan Nguyen, and Thao Nguyen, (collectively referred to as the "Defendants"), individually and on behalf of those similarly situated, against her former employers to assert her rights and remedy grave and rampant violations committed by Defendants over the course of Plaintiff's employment. Plaintiff is seeking compensatory and punitive damages, counsel fees and costs, and other equitable relief arising out of violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; the Massachusetts Payment of Wages Act, Mass. Gen. L. c. 149 § 148 *et seq.*; and the Massachusetts Minimum Fair Wages Act, Mass. G.L. c. 151 § 1A *et seq*. Plaintiff hereby alleges as follows:

## PARTIES

2. Plaintiff, Lidia Maximo de Oliveira, is a resident of Massachusetts.

3. At all times relevant herein, Plaintiff was employed by Defendants in the Commonwealth of Massachusetts.

4. Defendant Saigon Sandwich House LLC is a Domestic Limited Liability Company with a principal office located at 60 Harold Place, Tewksbury, MA 01876. Its resident agent is Tuan Nguyen located at 60 Harold Place, Tewksbury, MA 01876.

5. Defendant Tuan Nguyen is an individual believed to be a resident of Massachusetts.

6. Defendant Thao Nguyen is an individual believed to be a resident of Massachusetts.

7. Defendants Tuan Nguyen and Thao Nguyen supervised, managed, and had authority over Plaintiff's employment and personally participated in the conduct described herein.

8. Defendants operate an establishment called "Saigon Sandwich House" located at 507 Dutton Street, Lowell, MA 01854.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

9. At all times relevant herein, Defendants were Plaintiff's "employers" within the meaning of all relevant statutes.

10. Upon information and belief, individual Defendants Thao Nguyen and Tuan Nguyen serve or served as owners, managers, principals, or agents of Defendant Saigon Sandwich House LLC and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

11. Defendants constitute an "enterprise" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r)-(s).

12. Defendants, both separately and jointly, are believed to have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

13. At all relevant times, Defendants and/or their enterprise were engaged in commerce or in an industry or activity affecting interstate commerce.

14. For instance, numerous items including ingredients used daily in their restaurant services were goods and/or materials produced outside the Commonwealth of Massachusetts and transported across state lines specifically for Defendants to use in their business operations.

15. Upon information and belief, Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

## JURISDICTION

16. The United States District Court for the District of Massachusetts has federal subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because Plaintiff asserts claims arising under federal law. Specifically, this action arises pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

17. The United States District Court for the District of Massachusetts has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims set forth herein, each of which arise

out of a common nucleus of operative facts as the claims over which the Court has original jurisdiction.

18. The United States District Court for the District of Massachusetts has personal jurisdiction over Defendants because they have a principal place of business within this District, and they have sufficient minimum contacts in Massachusetts to render the exercise of jurisdiction by this Court both proper and necessary.

## VENUE

19. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants resides in this District.

20. Moreover, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### Defendants Failed to Properly Compensate Plaintiff for Minimum and Overtime Wages

21. Plaintiff was initially hired by Defendants on or around 2019. She rejoined the Defendants in or around May of 2024 as a kitchen prep until December of 2024.

22. Ms. De Oliveira worked in the kitchen doing prep and regularly handled the produce shipped from outside the Commonwealth of Massachusetts specifically for Defendants to use in their business operations.

23. Ms. De Oliveira was paid approximately $8.50 per hour for her labor and never received any tips during her time with Defendants.

24. Throughout the course of her employment, the Plaintiff regularly worked an average of 11 hours per day, 6 days a week, far exceeding the standard forty-hour workweek.

25. Upon Plaintiff's separation from employment, Defendants failed to pay her several weeks of straight pay, which remain unpaid and outstanding.

26. Specifically, Plaintiff was not paid the $8.50 hourly rate for all hours worked during several weeks.

27. Plaintiff was compensated at her regular rate of $8.50 per hour even for hours worked in excess of forty in a given work week.

28. Plaintiff never received pay at an overtime premium rate for hours worked in excess of forty in a given work week.

**Defendants Constitute Joint Employers**

29. Defendants jointly operate a restaurant in Massachusetts.

30. All Defendants collectively possess operation control over Defendant Saigon Sandwich House LLC, possess ownership interests in Defendant Saigon Sandwich House LLC, and control significant functions of Defendant Saigon Sandwich House LLC.

31. They determine the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

32. Defendants are associated and are joint employers, act in the interest of each other with respect to employees, like Plaintiff paid by the same method, and shared control over employees.

33. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

34. Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of the FLSA, Massachusetts Payment of Wages Act, and Massachusetts Minimum Fair Wages Act.

35. In the alternative, Defendants constitute a single employer of Plaintiff.

36. Upon information and belief, individual Defendants Thao Nguyen and Tuan Nguyen operate Defendant Saigon Sandwich House LLC as either an alter ego of themselves

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

and/or failed to operate Defendant Saigon Sandwich House LLC as an entity legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Saigon Sandwich House LLC, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Saigon Sandwich House LLC for their own benefit as the sole or majority shareholders,

    e) operating Defendant Saigon Sandwich House LLC for their own benefit and maintaining control over this LLC as an LLC,

    f) intermingling assets and debts of their own with Defendant Saigon Sandwich House LLC,

    g) diminishing and/or transferring assets of Defendant Saigon Sandwich House LLC to avoid full liability as necessary to protect their own interests, and

    h) other actions evincing a failure to adhere to the corporate form.

**Defendants' General Employment Practices**

37. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work without paying her appropriate minimum wage or overtime premium as required by federal and state laws.

38. Plaintiff was a victim of Defendants' common policy and practices which violate her rights under the FLSA and Massachusetts labor laws by not paying her the wages she is owed for hours worked.

39. Defendants' timekeeping system did not reflect the actual hours that Plaintiff

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

worked.

40. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours that Plaintiff (and other similarly situated employees) worked, and to avoid paying Plaintiff properly for her full hours worked.

41. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and state laws.

42. At all times relevant to this complaint, Plaintiff (and other similarly situated employees) worked for Defendants without receiving the appropriate minimum wage compensation for all the hours that they worked.

43. Additionally, Defendants failed to maintain accurate records, including but not limited to the hours worked by Plaintiff (and other similarly situated employees) and failed to pay Plaintiff appropriately for any hours worked at the straight rate of pay.

44. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

45. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

46. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff and other similarly situated current and former workers.

47. Plaintiff now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to t the Massachusetts Minimum Fair Wages Act, Mass. Gen. Laws c. 151, § 1 *et seq.*; and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* including applicable liquidated damages, interest, attorneys' fees and costs.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

48.     Plaintiff seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

49.     Plaintiff consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b) and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

**Plaintiff Exhausted Her Administrative Remedies as to Her Wage Claims and Brings This Action**

50.     Pursuant to the state law requirements as set forth in Massachusetts General Laws Chapter 149 § 150, Ms. De Oliveira submitted her statutory claims with the Office of the Attorney General and received a Right to Sue letter.

**FLSA COLLECTIVE ACTION CLAIMS**

51.     Plaintiff brings her FLSA minimum and overtime wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Collective members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Collective Period").

52.     At all relevant times, Plaintiff and other members of the FLSA Collective were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA. The claims of Plaintiff stated herein are similar to those of the other employees.

## CLAIMS FOR RELIEF

53. Plaintiff realleges and incorporates by reference paragraphs 1 through the immediately preceding paragraph as if fully set forth herein.

### First Claim for Relief
*Failure to Pay Minimum Wage – Fair Labor Standards Act,*
*29 U.S.C. § 201 et seq.*
*(Brought on behalf of Plaintiff and the FLSA Collective)*

54. Defendants, by their concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiff and other similarly situated individuals at the required minimum wage rate in violation of the FLSA. Defendants failed to properly compensate Plaintiff at the FLSA-mandated minimum wage by not compensating her for the last few pay periods. Upon information and belief, this conduct may have extended to all other similarly situated individuals. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs. Upon information and belief, Defendants willfully and deliberately deprived Plaintiff (and the FLSA Class members) of their rights secured by the FLSA, causing Plaintiff (and the FLSA class members) to suffer damages as aforesaid.

### Second Claim for Relief
*Failure to Pay Overtime – Fair Labor Standards Act,*
*29 U.S.C. § 201 et seq.*
*(Brought on behalf of Plaintiff and the FLSA Collective)*

55. Defendants, by their concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiff and all other similarly situated individuals the proper overtime premium for the hours worked in excess of forty in a week in violation of the FLSA, 29 U.S.C. § 207. Under the FLSA, an employer found guilty of violating the statutory provisions therein, like Section 207, is liable for liquidated damages, which is an additional amount equal to the owed amount. *See* 29 U.S.C. § 216(b). Defendants

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

willfully and deliberately deprived Plaintiff (and the FLSA Class members) of their rights secured by the FLSA, causing Plaintiff (and the FLSA class members) to suffer damages as aforesaid.

### Third Claim for Relief
*Non-Payment of Wages– Massachusetts Payment of Wages Act,*
*Mass. Gen. Laws c. 149 § 148 et seq.*
*(Brought on behalf of Plaintiff)*

56. Defendants, by their concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiff her earned wages for the last few weeks of her employment in violation of the Massachusetts Payment of Wages Act, Mass. Gen. Laws c. 149 § 148. Under this Act, employees who are terminated must be paid in full on the day of discharge. At the very latest, wages must be paid within six days after the end of the pay period in which the wages were earned. *Id.* The Act further prohibits an employer from withholding earned wages based on their own unilateral decision to apply a wage set-off. Mass. Gen. Laws c. 149 § 150. Per the Wage Act, an employer is liable for triple damages on late-paid wages, and the Act imposes strict liability on employers for late payment or nonpayment of wages. *Id.* Defendants willfully and deliberately deprived Plaintiff of her rights secured by this Act, causing Plaintiff to suffer damages as aforesaid.

### Fourth Claim for Relief
*Failure to Pay Minimum Wage – Massachusetts Minimum Fair Wages Act,*
*Mass. Gen. Laws c. 151 § 1 & 7*
*(Brought on behalf of Plaintiff)*

57. Defendants, by their concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiff for all hours worked at an hourly rate at least equal to the applicable Massachusetts minimum wage then in effect, also in violation of Mass. Gen. Laws c. 151 §§ 1, 7. This claim is brought pursuant to Mass. Gen. L.

c. 151 § 20. Defendants willfully and deliberately deprived Plaintiff of her rights secured by this Act, causing Plaintiff to suffer damages as aforesaid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Lidia de Oliveira, individually and on behalf of all others similarly situated, prays and respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime for all hours worked over forty (40) in a work week.

B. Designation of Plaintiff as Collective Representative and counsel of record as Collective Counsel;

*C.* A declaratory judgment declaring that the acts and/or omissions of Defendants, including, but not limited to those complained of herein, are in violation of the Massachusetts Payment of Wages Act, Mass. Gen. Laws c. 149 § 148 *et seq.*; the Massachusetts Minimum Fair Wages Act, Mass. Gen. Laws c. 151 § 1 *et seq.*; and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

D. An injunction directing Defendants to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated.

E. An injunction or other equitable relief, including, but not limited to, an award of back pay, front pay or reinstatement, and other compensation and/or benefits, and to make Plaintiff whole for all earnings and benefits Plaintiff would have received but for the violations.

F. An award of all actual, general, special, incidental, statutory, punitive, compensatory,

liquidated, consequential, and/or restitutionary damages to which Plaintiff is entitled.

G. An award of prejudgment interest, reasonable attorneys' fees, and costs;

H. A reasonable incentive award for the lead Plaintiff to compensate them for the time she spent attempting to recover wages for Class Members and for the risks they took in doing so; and

I. Such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Dated: August 18, 2025                **ODU LAW FIRM, LLC**

By:  /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
BBO #691768
**Ana Barros, Esq.**
BBO #714916
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com

**ATTORNEYS FOR PLAINTIFF,
LIDIA MAXIMO DE OLIVEIRA AND OTHERS SIMILARLY SITUATED**



ODU Law Firm, LLC  
888 Reservoir Avenue  
Second Floor  
Cranston, RI 02910

Office:  (401) 209-2029  
Fax:    (401) 217-2299  
E-mail: odu@odulawfirm.com  
Web:   www.odulawfirm.com

July 24, 2025

**BY HAND**

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name: __Lidia Maximo de Oliveira_____

Legal representative: ODU Law Firm, LLC

Signature: _____  
ID qPaeZdNYESNQa82weF7vDxog

Date: __7/24/2025_____

Page 1 of 1

# eSignature Details

**Signer ID:** gPaeZdNYESNQa82weF7vDxog
**Signed by:** Lidia Maximo de Oliveira
**Sent to email:**
**IP Address:**
**Signed at:** Jul 24 2025, 6:40 pm EDT